**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

MONTY M. SHELTON                                                                    PLAINTIFF
Reg. #10426-078

v.                                                  2:19-cv-00145-JM-JJV

UNITED STATES OF AMERICA; and
JERRY CISSEL, Officer, SIS Investigations                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendations.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.   Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

## I.    INTRODUCTION

Monty M. Shelton ("Plaintiff") is a federal prisoner in Bastrop, Texas.   In this *pro se* action, Plaintiff alleges his constitutional rights were violated while he was in federal prison in

1

Forrest City, Arkansas.    (Doc. 1.)    Specifically, Plaintiff says that, in November 2018, Defendant Officer Cissel violated his Eighth Amendment rights and failed to protect him from harm by letting members of the Aryan Circle know that he had "snitched" on one of their gang members.    (*Id.*)    Plaintiff brings this claim against Defendant Cissel pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Defendant Cissel has filed a Motion for Summary Judgment arguing the claim against him should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies.    (Docs. 49, 50, 51.)    Plaintiff has filed a Response. (Doc. 54.) After careful consideration and for the following reasons, I recommend the Motion for Summary Judgment be GRANTED, Plaintiff's claim against Defendant Cissel be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.    Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).    When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.    *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).    The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.    *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).    The nonmoving party's allegations must be supported

---

[1]    The Complaint also included a negligence claim against Defendant United States of America under the Federal Tort Claims Act.    That claim was dismissed without prejudice on July 21, 2020. (Doc. 41.)

by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).    A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).    Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to fully exhaust prison grievance procedures as to each claim before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).    Exhaustion under the PLRA is mandatory and is required for all actions "brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983"). To properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself."  *Jones,* 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."  *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *King v. Iowa Dept. of Corr.*, 598 F.3d 1015, 1054 (8th Cir. 2010).    Thus, whether an inmate has properly exhausted administrative remedies will depend on the specific requirements

3

of the prison's grievance policy.

The Bureau of Prisons ("BOP") has a four-tiered administrative review procedure that is codified at 28 C.F.R. §§ 542.10 to 542.18.    (Doc. 50-1.)    First, inmates must attempt informal resolution by presenting the issue to the prison's staff.    28 C.F.R. § 542.13.    Second, the inmate must submit a Request for Administrative Remedy (BP-9) to the Warden within twenty (20) calendar days of the grieved incident.    *Id.* at § 542.14.    Third, the inmate must file an Appeal (BP-10) with the BOP Regional Director within twenty (20) calendar days of the Warden's response.    *Id.* at § 542.15.    Fourth, the inmate must file an Appeal (BP-11) to the BOP Office of General Counsel within thirty (30) calendar days of the Regional Director's response.    *Id.*    The General Counsel's decision is the final step in the administrative remedy process.    *Id.*

The FCI-FC Associate Warden's secretary states, in her sworn Declaration that Plaintiff has filed approximately 118 grievances and appeals since 2006.    (Doc. 50-1.)    Despite his familiarity with the BOP administrative review procedure, the Declarant says Plaintiff has not filed any grievances regarding the November 2018 incident that is the subject of this lawsuit.    (*Id.*)    My review of the computerized record of Plaintiff's grievances confirms this to be correct.    (*Id.*)    And, Plaintiff has not presented any contrary evidence.

Instead, Plaintiff says he properly exhausted his administrative remedies in regard to his FTCA claim by filing an "Administrative Claim on Form 95" with the Department of Justice. (Doc. 1 at 1; Doc. 54.)    But, as previously explained, Plaintiff's FTCA claim has already been dismissed.    (Doc. 41.)    And, the administrative review process for an FTCA tort claim against the United States of America is different from the administrative review process for a *Bivens* constitutional claim against a prison official.    *Compare* 28 C.F.R. § 542.10 to 542.18 (four-step process for exhausting a *Bivens* claim) *with* 28 U.S.C. §§ 2401, 2675 and 28 C.F.R. § 14.2 to 14.9

4

(one-step process for exhausting an FTCA claim).    Because they are different procedures, exhaustion of an FTCA claim does not serve as exhaustion of a *Bivens* claim.    *See Cowart v. Futrell*, No. 2:17-cv-00142-JM-PSH, 2018 WL 3371582, at *3 (E.D. Ark. June 20, 2018) (unpublished opinion); *Miles v. Futrell*, No. 2:16-cv-00036-KGB-JTK, 2016 WL 8346550, at *3 (E.D. Ark. Nov. 9, 2016) (unpublished opinion); *Payton v. Thompson*, No. 2:13-cv-00092-DPM-JJV, 2015 WL 252277, at *5 (E.D. Ark. Jan. 20, 2015) (unpublished opinion).

The PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").    Plaintiff argues the BOP exhaustion process was unavailable because it did not provide him with opportunity to collect monetary damages.    In *Booth v. Churner*, 532 U.S. 731, 733 (2001), the United States Supreme Court squarely rejected that argument and held the PLRA requires an inmate to complete the administrative prison grievance process "regardless of the [type of] relief offered through the administrative procedures." *Id.* at 741; *see also Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (proper exhaustion is required "even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available").

The law is clear.    To proceed with his *Bivens* claim, Plaintiff must have fully and properly exhausted his available administrative remedies before filing this lawsuit.    *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").    Because Plaintiff did not do so, his *Bivens* claim against Defendant Cissel should be dismissed without prejudice.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha"

mechanism to keep him out of court.    To the contrary, the exhaustion requirement plays a critical

role in the remedy process.    The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the
> quality of prisoner suits; to this purpose, Congress afforded corrections officials
> time and opportunity to address complaints internally before allowing the initiation
> of a federal case. In some instances, corrective action taken in response to an
> inmate's grievance might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation. In other instances, the internal review
> might filter out some frivolous claims. And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative record that clarifies the
> contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is

haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendant Cissel's Motion for Summary Judgment (Doc. 49) be GRANTED,

Plaintiff's claims against him be DISMISSED without prejudice, and this case be CLOSED.

2.    The Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

Dated this 2nd day of October 2020.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE