IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MONTY M. SHELTON
REG. #10426-078                                                                                                    PLAINTIFF

v.                                              2:19-cv-00145-JM-JJV

UNITED STATES OF AMERICA; and
JERRY CISSEL, Officer, SIS Investigations                                                          DEFENDANTS

**ORDER**

Plaintiff asks the Court to reconsider the Order granting summary judgment to Defendant Cissell and closing the case. At the time of the Order, the Court had not received and reviewed Plaintiff's objections which were timely pursuant to the mailbox rule. Therefore, Plaintiff's motion to reconsider is granted.

In his objections, Plaintiff argues that the prison staff would not give him the correct form to file and that is the reason he has not exhausted his remedies as to his claim against Defendant Cissel. Plaintiff contends that the correct administrative remedy was not available to him based upon the prison's misrepresentation. He also provides a statement from a fellow inmate who states that the prison refused to give him the correct grievance form. Plaintiff is correct that interference by a prison official would make administrative remedies unavailable. *See Townsend v. Murphy*, 898 F.3d 780, 783–84 (8th Cir. 2018).

However, after review of the case *de novo*, the Court affirms the Order adopting Magistrate Judge Volpe's recommendation to grant summary judgment. Plaintiff's allegations are too remote in time and place to create a genuine issue of material fact on unavailability. Plaintiff alleges that in 2007, twelve years before the failure to protect allegations occurred in this case, a prison guard in Beaumont, Texas told him not to file a BP-8 on a grievance because he could not get monetary

damages on a BP-8. Plaintiff claims that he failed to exhaust his administrative remedies in this case based upon the statement of prison guard at a different facility twelve years previously. Further, Plaintiff properly exhausted his administrative remedies as to a claim in 2014 and, in general, has filed 118 administrative remedy requests or appeals during his incarceration.

In conclusion, Plaintiff's motion for reconsideration (ECF No. 61) is GRANTED. The Court's Order and Judgment dated October 21, 2020 granting summary judgment to the Defendants and closing the case is affirmed.

Dated this 23rd day of November 2020.

_____
UNITED STATES DISTRICT JUDGE